UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, and THE CARPENTER CONTRACTOR ALLIANCE OF METROPOLITAN NEW YORK, and TRUSTEES OF THE NORTHEAST CARPENTERS HEALTH, PENSION, ANNUITY, APPRENTICESHIP and LABOR MANAGEMENT COOPERATION FUNDS,<br><br>Plaintiffs,<br><br>-against-<br><br>ARCHITECTURAL BUILDING & DESIGN, INC. and DS INSTALLATIONS, LLC a/k/a DS INSTALLATIONS,<br><br>Defendants. | 20 CV<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs, by their attorneys, Virginia & Ambinder, LLP, allege as follows:

## NATURE OF THE ACTION

1. This is a civil action brought pursuant to Sections 502(a)(3), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3), and 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, by multiemployer employee-benefit funds, through their respective Boards of Trustees, to collect delinquent employer contributions and related relief.

## JURISDICTION AND VENUE

1

2. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, Section 301 of the LMRA, 29 U.S.C. § 185, and Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. Venue is proper in this judicial district pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, and Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1) because Plaintiffs resides in this district.

## THE PARTIES

4. Plaintiffs Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, and Apprenticeship, Journeyman Retraining, Educational and Industry Funds (the "NYC ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The NYC ERISA Funds are organized and operated in accordance with Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Trustees are fiduciaries of the NYC ERISA Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The NYC ERISA Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

5. Plaintiffs Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") are Trustees of a charitable organization established under Section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). The Charity Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

6. Plaintiff Carpenter Contractor Alliance of Metropolitan New York, formerly known as the New York City and Vicinity Carpenters Labor-Management Corporation (together with the Charity Fund and the NYC ERISA Funds, referred to herein as the "NYC Funds") is a

not-for-profit organization established under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9), that maintains its principal place of business at 245 Fifth Avenue, New York, New York 10016.

7. Plaintiffs Trustees of the Northeast Carpenters Health, Pension, Annuity and Apprenticeship Funds (the "Northeast ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The Trustees are fiduciaries of the Northeast ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Northeast ERISA Funds maintain their principal place of business at 10 Corporate Park Drive, Suite B, Hopewell Junction, New York 12533.

8. Plaintiffs Trustees of the Northeast Carpenters Labor Management Cooperation Fund (the "Labor Management Fund," and together with the Northeast ERISA Funds, the "Northeast Funds") are employer and employee trustees of a labor management cooperation committee established under section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9). The Labor Management Fund maintains its principal place of business at 10 Corporate Park Drive, Suite B, Hopewell Junction, New York 12533.

9. Defendant Architectural Building & Design, Inc. ("ABD") is a corporation organized under the laws of the State of New Jersey. At relevant times, Defendant ABD was, and is, an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and an employer in an industry affecting commerce within the meaning of Section 501 of the LMRA, 29 U.S.C. § 142. Defendant ABD maintains its principal place of business at 135 New Providence Road Mountainside, New Jersey 07092.

10. Defendant DS Installations Limited Liability Company a/k/a DS Installations ("DS Installations") (together with ABD "Defendants") is a limited liability company organized under

the laws of the State of New Jersey. At relevant times, Defendant DS Installations was, and is, an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and an employer in an industry affecting commerce within the meaning of Section 501 of the LMRA, 29 U.S.C. § 142. Defendant DS Installations maintains its principal place of business at 135 New Providence Road Mountainside, New Jersey 07092.

## BACKGROUND

### ABD is Bound to a Series of Collective Bargaining Agreements

11. At relevant times, ABD was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "NYC CBA") with the New York City District Council Carpenters f/k/a District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (the "NYC Union").

12. At relevant times, ABD was also a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "Northeast CBA") (collectively, with the NYC CBA, the "CBAs") with the North Atlantic States Regional Council of Carpenters or a predecessor thereto (the "Northeast Union").

13. The NYC Union and the Northeast Union are labor organizations within the meaning of section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in section 502 of the LMRA, 29 U.S.C. § 142.

14. The CBAs required Defendant ABD, *inter alia*, to remit specified hourly benefit contributions to the NYC Funds and the Northeast Funds (collectively "the Funds") in connection with all work performed within the trade and geographical jurisdiction of the applicable Union. ("Covered Work").

15. The CBAs and the documents and instruments governing the Funds also required ABD to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions.

**The NYC Funds' Demand for an Audit**

16. Pursuant to the NYC CBA and the documents and instruments governing the NYC Funds, the NYC Funds requested that ABD make its books and records available for an audit covering the period June 18, 2016 through the present.

17. A dispute arose between the NYC Funds and ABD when ABD failed to permit an audit of its books and records covering June 18, 2016 through the present.

**The NYC Funds' Judgment Against ABD**

18. In February 2018, the NYC Funds obtained an arbitration award against ABD based on an audit of ABD covering December 29, 2013 through June 17, 2016.

19. On May 7, 2018, the NYC Funds commenced a proceeding in the United States District Court for the Southern District of New York to confirm the arbitration award in an action styled *Trustees of the New York City District Council of Carpenters Pension Fund, et al. v. Architectural Building & Design, Inc.*, 18 CV 4063 (VM) (the "NYC Funds' Lawsuit").

20. On November 9, 2019, the court issued a judgment in favor of the NYC Funds and against ABD in the amount of $140,726.50[1] plus post-judgment interest (the "NYC Funds' 2018 Judgment").

**The Northeast Funds' Judgment Against ABD**

21. In September 2017, the Northeast Funds obtained an arbitration award against ABD based on an audit covering January 1, 2014 through December 31, 2016.

---

[1] To date, a payment of $807.23 has been allocated toward the NYC Funds' Judgment.

22.     On October 12, 2017, the Northeast Funds commenced a proceeding in the United States District Court for the Eastern District of New York to confirm the arbitration award in an action styled *Trustees of the Northeast Carpenters Health, Pension Fund, et al. v. Architectural Building & Design, Inc.*, 17 CV 5868 (ADS)(SIL) (the "Northeast Funds' Lawsuit").

23.     In May 2018, the court issued a judgment in favor of the Northeast Funds and against ABD in the amount of $20,603.02[2] plus post-judgment interest (the "Northeast Funds' 2018 Judgment").

**Defendant DS Installation Is the Alter Ego and/or Successor of ABD**

24.     At relevant times, Defendant DS Installations was and is the alter-ego and/or successor of ABD, as Defendants have substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership.

25.     At all relevant times, upon information and belief, ABD and DS Installations were and continue to be owned and operated by Gayton Sivolella.

26.     At relevant times, ABD and DS Installations shared a common address: 135 New Providence Road Mountainside, New Jersey 07092.

27.     At all relevant times, ABD and DS Installations shared the same telephone number.

28.     At all relevant times, ABD and DS Installations were engaged in the same type of work, with both entities primarily performing office furniture installation work.

29.     Upon information and belief, ABD and DS Installation shared equipment, facilities, office staff, and employees.

---

[2] To date, a payment of $118.17 has been allocated toward the Northeast Funds' 2018 Judgment.

6

30. Upon information and belief, ABD and DS Installations failed to follow ordinary corporate formalities or keep separate records, and there was never an arm's-length relationship between them.

31. Upon information and belief, ABD used DS Installations for the purpose of avoiding ABD's contractual and statutory obligations to the Funds by having DS Installations perform Covered Work without conforming to the terms of the CBAs.

32. Upon information and belief, ABD created or maintained DS Installations in order to perpetrate a fraud against the NYC Funds and the Northeast Funds and avoid its obligations to each of the respective Funds under the CBAs.

33. DS Installations had prior notice of ABD's debts and obligations to the NYC Funds and the Northeast Funds given the companies' common ownership.

34. As the alter ego and/or successor of ABD, DS Installations is subject to the terms of ABD's CBAs, and each is liable for each other's debts and unpaid contributions to the NYC Funds and the Northeast Funds, including the NYC Funds' 2018 Judgment and the Northeast Funds' 2018 Judgment.

**THE NYC FUNDS' FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
**(Alter Ego/Successor Liability/Liability for Delinquent Contributions**
**/Violation of the NYC CBA)**

35. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

36. Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."

37. Section 301 of the LMRA authorizes Plaintiffs, as third-party beneficiaries to the NYC CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

38. At relevant times, ABD was a party to or otherwise bound by the NYC CBA.

39. The NYC CBA, and the documents and instruments governing the NYC Funds required ABD to make specified hourly contributions to the NYC Funds in connection with all Covered Work performed and to submit to and comply with periodic payroll audits when requested by the Funds.

40. At relevant times, ABD and DS Installations were alter egos/successors of each other and had substantially identical management, business purpose, operations, equipment, customers, supervision, and ownership.

41. By virtue of their status as alter egos and/or successors, ABD and DS Installations are and at all relevant times have been bound by the NYC CBA and they are jointly and severally liable for each other's debts and obligations thereunder.

42. By virtue of their status as alter egos and successors, ABD and DS Installations are jointly and severally liable for the NYC Funds' 2018 Judgment.

43. ABD and DS Installations violated the NYC CBA's terms when they failed to remit contributions in connection with the work performed within the scope and jurisdiction of the NYC CBA. ABD also violated the NYC CBA when, despite demand, it failed to permit to an audit covering the period June 18, 2016 through the present.

44. Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, Section 301 of the LMRA, 29 U.S.C. § 185, the NYC CBA, the NYC Funds' Collection Policy, and the documents and instruments governing the NYC Funds, the NYC Funds are entitled to an order (1) finding that DS Installations is the alter ego/successor of ABD; (2) directing ABD and DS

Installations to submit to an audit covering June 18, 2016 through the present to determine the extent of their delinquent contributions; (3) finding that ABD and DS Installations are jointly and severally liable for any delinquent contributions and associated liquidated damages, interest and fees as revealed by such audit or otherwise found to be due and owing; (4) finding that ABD and DS Installations are be jointly and severally liable, based on their alter ego and successor status, for the NYC Funds' 2018 Judgment of $140,726.50, plus post-judgment interest; and (5) ordering ABD and DS Installations pay any other costs incurred during the course of this litigation.

**THE NORTHEAST FUNDS' SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
**(Alter Ego Liability/Successor Liability/Liability for Delinquent Contributions/ Violation of the Northeast CBA)**

45. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

46. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

47. Section 301 of the LMRA authorizes the Northeast Funds, as third-party beneficiaries to the Northeast CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

48. At relevant times, ABD was a party to or otherwise bound by the Northeast CBA.

49. The Northeast CBA, and the documents and instruments governing the Northeast Funds required ABD to make specified hourly contributions to the Northeast Funds in connection with all Covered Work performed.

50. At relevant times, ABD and DS Installations were alter egos and successors of each other and had substantially identical management, business purpose, operations, equipment, customers, supervision, and ownership.

51. By virtue of their status as alter egos and successors, ABD and DS Installations are and at all relevant times have been bound by the Northeast CBA and they are jointly and severally liable for each other's debts and obligations thereunder.

52. By virtue of their status as alter egos and successors, ABD and DS Installations are jointly and severally liable for the Northeast Funds' 2018 Judgment.

53. ABD and DS Installations violated the Northeast CBA's terms when they failed to remit contributions in connection with the work performed within the scope and jurisdiction of the Northeast CBA.

54. Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, Section 301 of the LMRA, 29 U.S.C. § 185, the Northeast CBA and the documents and instruments governing the Northeast Funds, the Northeast Funds are entitled to an order (1) finding that DS Installations is the alter ego/successor of ABD; (2) directing ABD and DS Installations to submit to an audit covering June 18, 2016 through the present to determine the extent of their delinquent contributions; (3) finding that ABD and DS Installations are jointly and severally liable for any delinquent contributions and associated liquidated damages, interest and fees as revealed by such audit or otherwise found to be due and owing; (4) finding ABD and DS Installations are jointly and severally liable, based on their alter ego and successor status, for the Northeast Funds' 2018 Judgment of $20,603.02, plus post-judgment interest; and (5) ordering ABD and DS Installations to pay any other costs incurred by the Northeast Funds during the course of this litigation.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Funds demand trial by jury in this action of all issues so triable.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

1) On the NYC Funds' First Claim for Relief, (1) finding that DS Installations is the alter ego/successor of ABD; (2) directing ABD and DS Installations to submit to an audit covering June 18, 2016 through the present to determine the extent of their delinquent contributions; (3) finding that ABD and DS Installations are jointly and severally liable for any delinquent contributions and associated liquidated damages, interest and fees as revealed by such audit or otherwise found to be due and owing; (4) finding that ABD and DS Installations are jointly and severally liable, based on their alter ego and successor status, for the NYC Funds' 2018 Judgment of $140,726.50, plus post-judgment interest; and (5) ordering ABD and DS Installations to pay any other costs incurred during the course of this litigation.

2) On the Northeast Funds' Second Claim for Relief, (1) finding that DS Installations is the alter ego/successor of ABD; (2) directing ABD and DS Installations to submit to an audit covering June 18, 2016 through the present to determine the extent of their delinquent contributions; (3) finding that ABD and DS Installations are jointly and severally liable for any delinquent contributions and associated liquidated damages, interest and fees as revealed by such audit or otherwise found to be due and owing; (4) finding ABD and DS Installations are jointly and severally liable, based on their alter ego and successor status, for the Northeast Funds' 2018 Judgment of $20,603.02, plus post-judgment interest; and (5) ordering ABD and

DS Installations to pay any other costs incurred by the Northeast Funds during the course of this litigation.

3) Pursuant to Section 502(g)(1) and (g)(2) of ERISA, 29 U.S.C. § 1132(g)(1) and (g)(2), award Plaintiffs all reasonable attorneys' fees, expenses and costs incurred by Plaintiffs in prosecuting this action; and

4) Awarding Plaintiffs such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      June 18, 2020

Respectfully submitted,

VIRGINIA & AMBINDER LLP

By: __/s/_____
Nicole Marimon, Esq.
Marlie Blaise, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
(212) 943-9080
nmarimon@vandallp.com